PER CURIAM.
 

 The State of Florida (“the State”) appeals from an order granting Jeffry Williams’s (“the defendant”) motion to suppress. We reverse.
 

 Police officers stopped the defendant’s vehicle due to darkly tinted windows, and instructed him to pull over onto the center median of a busy roadway. As the officers approached the vehicle, they smelled marijuana. Additionally, an officer saw a marijuana cigarette sitting by the gearshift.
 

 Thereafter, the officers removed the defendant from the vehicle and arrested him for possession of cannabis. While conducting a search incident to arrest, an officer found a loaded handgun under the driver’s seat, which the defendant admitted belonged to him.
 

 The defendant moved to suppress evidence of the firearm and marijuana, arguing that the search of the vehicle was unconstitutional. Based on
 
 Arizona v. Gant,
 
 — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the trial court found that the search was an illegal warrantless search. The trial court granted the defendant’s motion to suppress, and the State appealed.
 

 On appeal, the State asserts that the trial court erred in granting the defendant’s motion to suppress because the search was a permissible search incident to arrest. The defendant contends that the search of the vehicle was unconstitutional, and the evidence was properly suppressed. We agree with the State, and reverse.
 

 In
 
 Gant,
 
 the police arrested the defendant for driving with a suspended license and searched his car incident to that arrest. The Court held that the search was an invalid warrantless search of Gant’s vehicle because it did not meet any of the exceptions to the warrant requirement. The search could not be justified on the ground that the police were looking for “evidence of the offense of the arrest.” 129 S.Ct. at 1714.
 

 In this case, we determine that the search was a permissible search incident to arrest. In
 
 Gant,
 
 the Court held that “circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle.” 129 S.Ct. at 1714. Here, the officers made a lawful stop and then arrested the defendant after first smelling and then seeing marijuana in his car. The officers could then legally search the vehicle, as it was reasonable to believe that evidence of marijuana might be found
 
 *147
 
 in the vehicle. Therefore, the search was permissible, and the evidence is admissible.
 

 Accordingly, we reverse and remand the order granting the defendant’s motion to suppress.
 

 Reversed and remanded.